# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| KAY WENGER, | No. 4:18-CV-02393 |
|---|---|
| Plaintiff. | (Judge Brann) |
| v. | |
| SETERUS, INC., | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

### MAY 15, 2019

Seterus moved to dismiss Ms. Wenger's complaint. That motion will be denied.

### Background

In 2004, Kay Wenger obtained a loan secured by a mortgage on her property. At some point, Ms. Wenger defaulted on that loan. On August 31, 2016, Seterus, Inc., the servicer of the loan, sent Ms. Wenger a letter stating that she was in default in the amount of $3,535.34, and that:

> If full payment of the default amount is not received by us in the form of a certified check, cashier's check, or money order on or before October 05, 2016 [("Expiration Date")], we will accelerate the maturity date of your loan and upon such acceleration the ENTRE balance of the loan, including principal, accrued interest, and all other sums due thereunder, shall, at once and without further notice, become immediately due and payable.[1]

---

[1] ECF No. 1-2.

Seterus sent Ms. Wenger a letter with similar language on March 14, 2018, with an "Expiration Date" of April 18, 2018.[2]

On December 18, 2018, Ms. Wenger initiated the above-captioned action against Seterus. Her complaint alleges that Seterus had a policy of never accelerating any loan until it was at least 45 days past due and that, therefore, Seterus had no intention of accelerating her loan on the stated "Expiration Date[s]" if she paid an amount sufficient to bring her loan within that 45-day window, even if such payment was less than the entire "default amount." As a result, she argues, Seterus's letters violated the Fair Debt Collection Practices Act ("FDCPA"; Count I); the Pennsylvania Fair Credit Extension Uniformity Act (Count II); and the Pennsylvania Unfair Trade Practices and Consumer Protection Law (Count III).

Seterus moved to dismiss Ms. Wenger's complaint on March 15, 2019.

## Discussion

Seterus raises three arguments in its motion and accompanying brief. Those arguments will be addressed in turn.

First, Seterus argues that Ms. Wenger's FDCPA claim fails because she has failed to allege any conduct that violates the FDCPA. This Court disagrees. The FDCPA prohibits debt collectors from, *inter alia*, "threat[ening] to take any action

---

[2] ECF No. 1-2.

that . . . is not intended to be taken."[3] In its letters, Seterus stated that it "will" accelerate her loan if "full payment" of the amount in default was not received by the indicated Expiration Date—*i.e.*, that Seterus would accelerate Ms. Wenger's loan if it received even a penny less than the full amount stated in the letters. The complaint alleges, however, that Seterus had a policy of never accelerating a loan that was less than 45 days past due—*i.e.*, that Seterus had no intention of accelerating Ms. Wenger's loan if it received enough from her to bring her loan into the 45-day window, even if the amount received was less than the stated default amount. Its letters to Ms. Wenger, then, contains "threat[s] to take . . . action[s] that . . . [were] not intended to be taken." And because this Court concludes that such a misstatement "has the potential to affect the decision-making process of the least sophisticated debtor"[4] (by, for example, causing such debtor pay the full amount stated on or before the Expiration Date), Ms. Wenger's FDCPA claim survives.[5]

---

[3] 15 U.S.C. § 1692e(5).

[4] *Jensen v. Pressler & Pressler*, 791 F.3d 413, 421 (3d Cir. 2015).

[5] *See Koepplinger v. Seterus, Inc.*, No. 1:17CV995, 2018 WL 4055268 (M.D.N.C. Aug. 24, 2018) (holding that plaintiff alleged a violation of the FDCPA where he alleged (1) that he received a letter from Seterus threatening acceleration of his loan if a certain amount was not paid by a certain date, and (2) that Seterus actually had a policy of never accelerating a loan unless it was 45 days delinquent).

Because Ms. Wenger's FDCPA claim clearly falls under 15 U.S.C. § 1692e, this Court will dismiss Count I to the extent that it relies on 15 U.S.C. § 1692f, since both claims are based on the same alleged conduct. *See Turner v. Professional Recovery Services, Inc.*, 956 F. Supp. 2d 573, 581 (D.N.J. 2013) (dismissing claim based on 15 U.S.C. § 1692f as "redundant" where plaintiff's other claims were "specifically addressed" by other provisions of the FDCPA).

Second, Seterus argues that Ms. Wenger's state law claims fail because she has failed to allege that Seterus's letter caused her to suffer an actual loss of money or property, as required by those state law statutory schemes. This Court agrees. The complaint itself admits that "[a]ctual tangible damages are unlikely based upon the violations alleged."[6] And while Ms. Wenger points to the fact "that she remitted money to Seterus in response to the misrepresentations and false sense of urgency conveyed by"[7] the letters, she points to no authority—nor can this Court find any—permitting recovery where a plaintiff merely paid what she was contractually obligated to pay.[8] Ms. Wenger's state law claims, therefore, will be dismissed.[9] That dismissal, however, will be without prejudice, and Ms. Wenger will be permitted to amend her complaint to allege actual losses, if possible.

Third and finally, Seterus argues that Ms. Wenger's FDCPA should be dismissed because she has not identified an injury, traceable to Seterus's conduct, that is sufficient to confer standing. This Court disagrees. As noted above, Seterus

---

[6] Complaint (ECF No. 1) ¶ 82.

[7] Brief in Opposition (ECF No. 16) at 12.

[8] *See* 73 P.S. § 201-9.2 ("Any person who . . . suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful [by the UTPCPL] may bring a private action to recover actual damages . . . ."); *Kaymark v. Bank of America, N.A.*, 783 F.3d 168, 181 (3d Cir. 2015) ("Because [plaintiff] has not adequately pled ascertainable loss from the fees he did not pay and currently disputes, his [UTPCLP] claim fails.").

[9] Because the state law claims are being dismissed, this Court need not—and therefore does not—address Seterus's arguments (1) that the state law claims are partially barred by the statute of limitations and (2) that injunctive relief is not available under the state law claims.

allegedly violated Ms. Wenger's "substantive right . . . to receive truthful information in debt collection communications,"[10] which violation, Ms. Wenger asserts, caused her "anxiety."[11] And while Ms. Wenger might also have been experiencing anxiety over the basic fact that she was in default, and while Seterus had the contractual right to accelerate the loan *sometime*, Ms. Wenger traces her anxiety to Seterus's assertions that acceleration was definite and imminent.[12] Seterus's jurisdictional argument therefore fails.

Disposition

Therefore, **IT IS HEREBY ORDERED** that Seterus's Motion to Dismiss, ECF No. 10, is **GRANTED IN PART** and **DENIED IN PART**, as follows:

1. Count I of Ms. Wenger's Complaint, ECF No. 1 ¶¶ 87-111, is **DISMISSED WITH PREJUDICE** to the extent it is based on 15 U.S.C. § 1692f.

---

[10] *See Balon v. Enhanced Recovery Company, Inc.*, 264 F. Supp. 3d 597, 609 n.3 (M.D. Pa. 2017) (quoting *Taylor v. Financial Recovery Services, Inc.*, 252 F. Supp. 3d 344, 349 (S.D.N.Y. 2017).

[11] Comlaint ¶ 61. *Cf. Hagy v. Demers & Adams*, 882 F.3d 616, 621 (6th Cir. 2018) (dismissing FDCPA claim based on lack of injury where the subject letter, "[f]ar from causing the [plaintiffs] any injury, tangible or intangible," actually "gave them peace of mind").

[12] *See Martin v. Trott Law, P.C.*, 265 F. Supp. 3d 731, 746 (E.D. Mich. 2017) ("[I]t is undisputed that the defendants sent the dunning letters in question to the named plaintiffs. Therefore, if the communications produced an 'injury in fact,' that injury certain is 'fairly traceable to the challenged conduct of the defendants.'").

2. Counts II and III of Ms. Wenger's Complaint, ECF No. 1 ¶¶ 112-36, are **DISMISSED WITHOUT PREJUDICE**.  No later than May 21, 2019, Ms. Wenger may amend her complaint to correct the deficiencies in these claims identified by this Order.  If no amended complaint is filed by that time, Seterus's answer to the existing complaint is due no later June 4, 2019.

3. The motion is otherwise **DENIED**.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge